IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEVIN MCCRAY | § | |
| | § | |
| VS. | § | C.A. NO. _____ |
| | § | |
| MAERSK LINE LIMITED AND | § | [JURY] |
| MAERSK LINE-LTD, USA | § | |
| | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE DISTRICT JUDGE:

Plaintiff, Kevin McCray, complains of Defendants MAERSK LINE LIMITED and MAERSK LINE-LTD, USA and would respectfully show as follows:

## I.
## JURISDICTION AND VENUE

1.01   This case falls within the diversity jurisdiction of this Court; the amount in controversy exceeds $75,000.00USD and Plaintiff and Defendants are diverse in citizenship pursuant to 28 U.S.C. § 1332(a)(2).

1.02   This action is brought "at law" pursuant to the "savings to suitors" clause set forth in 28 U.S.C. § 1331(l).  Plaintiff seeks relief under general maritime law, as well as 33 U.S.C. §§ 905(b) and 933 of the Longshore and Harbor Workers' Compensation Act ["LHWCA"].

1.03   Venue is proper because Plaintiff was injured onboard the *M/V MAERSK TENNESSEE* owned, operated and managed by Defendants, while the vessel was alongside a marine terminal within this District.

## II.
## PARTIES

2.01    Plaintiff, Kevin McCray, is a Texas resident.

2.02    Defendant *in personam*, MAERSK LINE LIMITED ("MLL"), is a foreign entity duly organized, created and existing pursuant to the laws of Delaware, and is subject to this Court's general and specific jurisdiction.  MLL is the reported owner, operator, and/or manager of the *M/V MAERSK TENNESEE*.  MLL has substantial and/or continuous and systematic activities with the State of Texas – including the Southern District of Texas – and its negligence directly caused Plaintiff's injury in this District.  MLL may be served with process through its registered agent: CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

2.03    Defendant *in personam*, MAERSK LINE-LTD, USA ("MLU"), is a foreign entity duly organized, created and existing pursuant to the laws of Delaware.  MLU is the reported owner, operator and/or manager of the *M/V MAERSK TENNESSEE*.  MLU has substantial and/or continuous and systematic activities with the State of Texas – including the Southern District of Texas – and its negligence directly caused Plaintiff's injury in this District.  MLU may be served with process through its registered agent: CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

## III.
## FACTS

3.01    On or about the evening of February 28, 2023, Plaintiff was working as a longshoreman by and under the direction of his stevedore employer, Houston Terminal, LLC ("HT"), in and about the *M/V MAERSK TENNESSEE* while alongside Barbours Cut Terminal within this District.

3.02    Through its duly authorized agents, the *M/V MAERSK TENNESSEE* permitted and

invited employees of HT, including Plaintiff, to board said vessel and perform certain work thereon at the aforesaid time and place.  In connection therewith, Plaintiff was assigned to assist with cargo operations in and about Bay 30.

3.03    While traversing a common area catwalk on deck near Bay 30, near the port side of the vessel, a section of the catwalk grating upon which Plaintiff was standing to perform his job duties suddenly and unexpectedly gave way and/or became dislodged, causing Plaintiff to fall approximately six feet to the space below.  As a result, Plaintiff sustained serious and disabling injuries to his knees, neck, back, shoulders, and other parts of his body.  Upon information and belief, immediately following Plaintiff's incident, the vessel crew acknowledged the subject grating was "broken" and/or "unsecured."

3.04    At the time of the incident, Plaintiff was traversing within a "common area" of the *M/V MAERSK TENNESSEE* utilized by officers and crew, longshoremen, surveyors, and other third parties alike for transit across to the port side and forward main deck access to the vessel's forecastle, anchor windlass, cargo hold areas, etc.  Said catwalk and related components remained at all times under the active or shared care, custody, control, or direction of the vessel and Defendants as her agents.

## IV.
## CAUSE(S) OF ACTION

### NEGLIGENCE

4.01    As a result of the vessel defects and/or otherwise inadequate and unreasonable means of passage between container bays, Plaintiff was caused to sustain serious and permanent injuries to his person.  Defendants were responsible for, in charge of, and/or exercised exclusive and/or shared control over the subject catwalk and related components, and breached their duty to Plaintiff by:

a.   failing to provide a safe and adequate means of passage; and/or

b.   failing to warn and/or prevent the risk posed by the catwalk to Plaintiff and other invitees, which either was known or should have been known to the vessel and her agents through the exercise of reasonable care.

4.02    Plaintiff has been caused to endure considerable pain and suffering, and as a result thereof, was obliged to obtain medical care and treatment, caused to lose time from his employment, and sustain the monetary and financial loss occasioned by said lost time from work. Plaintiff has been prevented, and in all likelihood will continue to be prevented, from engaging in his usual occupations, pastimes, and pursuits which he would have engaged in but for the injury aforementioned.

4.03    Plaintiff would show the encountered condition is indicative that certain vessel equipment was non-compliant, unsafe, and/or unreasonably dangerous – the hazard being brought on by and/or attributable to: lack of maintenance; not conducting inspections and replacement; not adhering to industry specifications, guidelines, and standards; and/or inadequate monitoring.

4.04    Defendants are liable for the subject incident and Plaintiff's injuries and damages by reason of their negligence and conditions attributable to it, directly and/or vicariously, by and through the vessel and/or her agents, representatives, and/or employees, in one or more of the

4

following particulars:

 a. Failing to discharge the duties prescribed by 33 U.S.C. § 905(b);

 b. Failing to properly inspect, service, maintain, and/or repair the vessel catwalk and related components;

 c. Failing to warn of the improperly inspected, poorly maintained, and/or otherwise unrepaired condition(s) of the vessel catwalk and related components - all dangers unknown to the longshoremen, yet known - or should have been known in the exercise of reasonable care - to the vessel owner, manager, operator, agents, representatives, and/or employees;

 d. Failing to have the vessel and its equipment (including the vessel catwalk and related components) in such condition that the stevedore could access the work area with reasonable safety;

 e. Failing to warn the stevedore of dangers that were unknown to Plaintiff, that were known to Defendants, or which should have been known by Defendants in the exercise of reasonable care;

 f. Failing to maintain the equipment and appurtenances of the *M/V MAERSK TENNESSEE* in a reasonably safe condition;

 g. Failing to properly supervise, train, crew and man the *M/V MAERSK TENNESSEE*;

 h. Failing to warn Plaintiff of harm from hazards that he encountered with equipment and/or appurtenances under the vessel's active control (including utilization of the vessel catwalk and related components in question);

 i. Failing to have in place sufficient and appropriate company policies to ensure safe operation and maintenance of the *M/V MAERSK TENNESSEE* and its equipment/appurtenances;

 j. Failing to have safe and adequate means of access to and from the vessel's container bays;

 k. Failing to comply with certain safety standards, statutes, and regulations designed to prevent incidents of this sort; and/or

 l. Other acts and/or omissions so deemed negligent, particulars to be shown at trial of this cause.

 4.05 Plaintiff would show that each of the foregoing, individually or collectively, constituted negligence, which was a proximate cause of his injuries and damages complained of

5

herein.

4.06 Plaintiff's injuries were not culminated by any contributing fault of his own, but solely the defective, unsafe, and otherwise deplorable condition of the *M/V MAERSK TENNESSEE* and its equipment and/or appurtenances - an environment brought about by the negligence of Defendants.

## V.
## DAMAGES

### PECUNIARY AND NON-PECUNIARY

5.01 As a result of these occurrences and negligent acts, Plaintiff sustained severe and permanent injuries to his knees, back, neck, shoulders, and other parts of his body.  In addition to the expenses incurred by him and incapacity to labor caused by his injuries, he has been put to much expense for treatment; such expense is still continuing and he is unable to state the full amount thereof.

5.02 Categorical damages which Plaintiff seeks to recover from Defendants include compensation for the following:

  a. physical disability sustained by Plaintiff from the date of injury to the time of trial;

  b. future physical disability reasonably anticipated to be sustained by Plaintiff in the future;

  c. physical pain and suffering sustained by Plaintiff from the date of injury to time of trial;

  d. physical pain and suffering which is reasonably anticipated to be suffered by Plaintiff in the future;

  e. loss or earnings sustained by Plaintiff from the date of injury to time of trial;

  f. loss of earnings and earning capacity reasonably anticipated to be suffered by Plaintiff in the future;

g. reasonable and necessary medical expenses incurred by Plaintiff in the treatment of Plaintiff's injuries from the date of injury to time of trial;

h. reasonable and necessary medical expenses reasonably anticipated to be sustained by Plaintiff in the future for treatment of Plaintiff's injuries;

i. past and future physical disfigurement; and

j. past and future physical impairment.

## VI.
## INTEREST

6.01   Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## VII.
## JURY DEMAND

7.01   Plaintiff respectfully demands a jury.

## VIII.
## PRAYER

**WHEREFORE**, Plaintiff prays:

a. That upon final hearing, judgment may be entered in favor of Plaintiff against Defendants for the amounts of his individual and representative claims to be determined;

b. That judgment be entered against Defendants named herein for the amount of claims to be determined;

c. That he have pre-judgment and post-judgment interest and all costs of Court;

d. That this Honorable Court grant Plaintiff a Trial by Jury; and

e. That he have such other and further relief as the Court and justice may deem just and appropriate under the circumstances of the cause.

Respectfully submitted,

GILMAN ✤ ALLISON LLP

*/s/ Brenton J. Allison*

Brenton J. Allison
Texas Bar No. 24040417
Federal I.D. No. 36863
ballison@gilmanallison.com
Douglas T. Gilman
Texas Bar No. 24048496
Federal I.D. No. 19897
Michael S. Prejean
Texas Bar No. 24092993
Federal I.D. No. 2513911
2005 Cullen Blvd.
Pearland, Texas 77581
Telephone: (713) 224-6622
Facsimile:  (866) 543-3643

**ATTORNEYS FOR PLAINTIFF**

**OF COUNSEL:**
GILMAN ✤ ALLISON LLP