# SUPPLEMENTAL REPORT TO COUNSEL[1]

**For Exclusive Application in the Matter Styled:**

## McCray v. Maersk Line Limited




Above: **C/V MAERSK TENNESSEE**

The Blueoceana Company, Inc.
P.O. Box 283
Basking Ridge, New Jersey 07920

**July 2, 2024**

[1] The Blueoceana Company, Inc. reserves the right to revise and extend this report, to the extent that data or materials coming into the record act in such a manner as to require such amendment.

EXHIBIT

E

exhibitsticker.com

# I. Supplemental Summary

I recently received additional evidence[2] pertaining to the incident involving Kevin McCray. Upon reviewing this information, I was able to further assess the causation of Mr. McCray's injuries and provide this supplemental report accordingly.

# II. Mr. DePaolo's Sworn Statement

In relation to precise cause, Mr. DePaolo's sworn statement is clear in terms of what he saw in the immediate aftermath of the accident in which the expanded metal athwartships grating adjacent to Bay 30 of **C/V MAERSK TENNESSEE** gave way and caused Plaintiff [and the grating itself] to fall into the void space beneath them.

In the examination of the collapsed grating, Mr. DePaolo relates in response to the questioning of Plaintiff's counsel[3]:

> ***Q. And walk me through what you inspected and what you remember seeing.***
>
> ***A. Well, I remember that the hole was open and Mr. Maldonado[4] went down the ladder into the hole. He went down into the hole and retrieved the grating that fell through with Mr. McCray. And we pulled it up and looked at it and set it into place. And basically that was it. We just observed as much as we could. And I did notice that one of the clips were bent, the securing clips.***
>
> ***Q. Okay. And what else about that securing clip did you observe?***
>
> ***A. Well, that it was not tight. It was loose. And that's what the grate needs to be firm and tight in order to hold the grate in place as you can see on the pictures.***
>
> ***Q. And let me just show for purposes of illustration, I want to go to the last photo, which is PLTF 152. And can you identify what that picture -- what you're depicting in that picture?***
>
> ***A. Yes, sir. It's -- I believe this is the clip or one of the clips that held the grating in place that***

---

[2] The Sworn Statement of Mr. John DePaol\

[3] *See* Sworn Statement Page 10:11-25; Page 11:1-13 Link to Sworn Statement

[4] The record supports the fact that Mr. Maldonodo was Plaintiff's lashing partner at the time of the accident.

> ***I took a picture of to show how they keep the grating in place. And I believe that clip was bent, to the best of my recollection.***
>
> ***Q. And what else about it besides being bent?***
>
> ***A. And it was loose. It would move around and swivel.***

## III. Conclusion

Based upon the foregoing, and upon the totality of Mr. DePaolo's sworn statement and its exhibits, the cause of this accident can be more precisely directed to the inability of that particular section of grating to uniformly support the weight of the Plaintiff due to the vessel's failure to properly inspect and maintain the grating. At least one of that section's fastening clips, according to Mr. DePaolo, was "*bent*", "*loose*" and "*...would move around and swivel.*" In their combination, those attributes formed to present the hazardous circumstance which caused the accident.

Moreover, it's appropriate to underscore the sense and the logic advanced by Mr. DePaolo in his sworn statement, to the extent that the athwartships expanded metal gratings constitute a walking/working surface offered by the vessel for the use of anyone coming aboard. That would include shore workers engaged to lash/unlash containers. Thus, the vessel and its crew bear direct responsibility for their serviceable condition. Such serviceable condition would naturally include that the fittings [clips] used to secure the gratings in place are tightly affixed and that they will support the weight of a worker who may be obliged to step on the gratings they are designed to hold in place.

The weight of the Plaintiff while using the grating in its intended manner would not have caused the clamps to bend or loosen. The description from Mr. DePaolo indicates that the grating was not properly maintained or not properly secured. Based on Mr. DePaolo's statement, the crew did not properly inspect and ensure that the grating's clips were secured and in good working order.

Mr. DePaolo's statement clearly shows that the crew's failure to properly inspect and maintain the grate prior to Mr. McCray coming on board the **C/V MAERSK TENNESSEE** to perform his work was the cause of his fall. The subject grating and clips securing same are part of the vessel and the vessel's crew is required to inspect and maintain the clips and ensure they are properly secured and safe. It is not within the scope of a longshoreman's work to check the clips on a grate to see if they are properly secured. Further, the catwalk in which the subject grating is located is an area used by many different workers, including longshoremen, surveyors, crew, etc. who may be present on the vessel making it the vessel crew's responsibility to properly inspect and maintain the grating and clips.

Ron Signorino

Ronald L. Signorino